**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v.   )<br>)<br>**DOYLE LATIMER and CYNTHIA** )<br>**LATIMER,** )<br>)<br>**Defendants.** ) | Case No. CR-11-384-R. |

**ORDER**

Defendants are charged in a December 13, 2011 indictment with violating 18 U.S.C. § 371, conspiracy to defraud the United States. The Indictment charges that from November 2001 through February 2007, Defendants conspired with one another and other named persons to commit an offense against the United States by stealing and converting to their own use jet fuel (JP-8) belonging to the United States. Indictment, ¶ 10. The alleged purpose of the conspiracy was for Defendants' trucking company, Latimer Trucking, to steal jet fuel purchased by the United States government and intended for delivery to the United States military, which fuel was instead diverted and used in the operation of the trucking business.[1] Indictment, ¶ 11. In response to the Indictment, Defendants filed a motion to dismiss, to which Plaintiff has responded. Having considered the parties' submissions, the Court finds as follows.

Defendants seek dismissal of the indictment on three grounds: (1) failing to

---

[1] The Indictment alleges that jet fuel could be used in the transport trucks provided by Latimer Trucking, although normally those trucks burned diesel fuel. Indictment, ¶ 8.

sufficiently allege an offense, specifically, conspiracy; (2) the claims against them are barred by the statute of limitations based on the last alleged overt act; and (3) the Indictment is insufficiently specific with regard to the dates of the alleged overt acts so as to constitute a due process violation.

The crux of Defendants' argument is that the last actual overt act charged in the Indictment occurred before December 13, 2006, making the December 13, 2011 indictment untimely pursuant to 18 U.S.C. § 3282.  18 U.S.C. § 3282 provides:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

18 U.S.C. § 3282(a).

In a conspiracy prosecution, the statute of limitations is computed from the date of the last overt act of which there is appropriate allegation and proof.  *United Sates v. Davis*, 533 F.2d 921, 929 (5th Cir. 1976).  "The fact that the conspiracy began outside the limitations period will not prevent prosecution as long as at least one overt act in furtherance of the conspiracy occurred within five years of the indictment." *United States v. United Med. & Surgical Supply Corp.*, 989 F.2d 1390, 1398 (4th Cir.1993)(*quoted by United States v. Qayyum*, 451 F.3d 1214 (10th Cir. 2006)).  "Before [the Court] can determine whether the statute of limitations bars prosecution, [the Court] must first understand the scope of the § 371 conspiracy alleged." *Qayyum*, 451 F.3d at 1218  "To determine the scope of the alleged conspiratorial agreement, the court is bound by the language of the indictment." *Id.* (*quoting*

2

*United States v. Hitt*, 249 F.3d 1010, 1015 (D.C.Cir. 2001). "We test the indictment solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *United States v. Reitmeyer*, 356 F.3d 1313, 1316-17 (10th Cir. 2004)(internal quotation marks omitted).

The Court concludes that it need not address all of Defendants' arguments, because even assuming that the allegations in the Indictment regarding December 2006 are insufficiently vague, the Court finds that utilizing June 2006 as the last sufficiently alleged overt act in furtherance of the conspiracy, that the Indictment was timely filed.[2] The Court's conclusion in this regard relies on tolling of the statute of limitations period, because without tolling, the limitations period would have expired in June 2011, six months before the Indictment in this case was filed.

The United States asserts two alternative theories for tolling the statute of limitations period. Plaintiff argues for tolling under the Wartime Suspension of Limitations Act, 18 U.S.C. § 3287, either as it existed pre-amendment, that is prior to October 14, 2008, or post-amendment. The 2008 amendments to the Act increased the scope of the tolling provisions by expanding the Act to apply not only when the United States is in a declared war, but also when Congress has authorized the use of force under the War Powers Act.[3] The

---

[2] Defendants argue that the most recent overt acts sufficiently alleged in the indictment are those related to June 2006.

[3]     When the United States is at war or Congress has enacted a specific authorization for the use of the Armed Forces, as described in section 5(b) of the War Powers Resolution (50 U.S.C. 1544(b)), the running of any statute of limitations applicable to any offense (1) involving fraud or

(continued...)

amendment also extended the tolling from three years to five years, after the end of conflict, which is indicated either by Presidential proclamation, with notice to Congress, or by concurrent resolution. Defendants argue that application of the pre-2008 version of the Act is inappropriate, because the United States was not "at war." Defendants further contend that the 2008 amendments to the Act cannot be applied to their case, because to do so would violate the *ex post facto* clause of the United States Constitution.

In support of their contention that the amended version of § 3287 cannot apply, Defendants rely on *United States v. Taliaferro*, 979 F.2d 1399 (10th Cir. 1992). The Court concludes that *Taliaferro* indeed applies, however, the interpretation of *Taliaferro* as espoused by Defendants is incorrect. In *Taliaferro*, the court concluded that application of a statute extending a limitations period for prosecution before the statute of limitations in

---

[3](...continued)
attempted fraud against the United States or any agency thereof in any manner, whether by conspiracy or not, or (2) committed in connection with the acquisition, care, handling, custody, control or disposition of any real or personal property of the United States, or (3) committed in connection with the negotiation, procurement, award, performance, payment for, interim financing, cancellation, or other termination or settlement, of any contract, subcontract, or purchase order which is connected with or related to the prosecution of the war or directly connected with or related to the authorized use of the Armed Forces, or with any disposition of termination inventory by any war contractor or Government agency, shall be suspended until 5 years after the termination of hostilities as proclaimed by a Presidential proclamation, with notice to Congress, or by a concurrent resolution of Congress. For purposes of applying such definitions in this section, the term "war" includes a specific authorization for the use of the Armed Forces, as described in section 5(b) of the War Powers Resolution (50 U.S.C. 1544(b)).

effect at the time of the crime expires does not violate the *ex post facto* clause.[4] As noted by the Eleventh Circuit in *United States v. Grimes*, 142 F.3d 1342 (11th Cir. 1998), "application of a statute of limitations extended before the original limitations period has expired does not violate the *Ex Post Facto* Clause." *Id.* at 1351.

The Court concludes that application of the 2008 Act to this case is tantamount to extension of a statute of limitations period, and because the five year statute of limitations period which started in June 2006 had not run on October 14, 2008, when § 3287 was amended, that the amended tolling provision applies. Accordingly, the statute of limitations started running in June 2006, and ran until October 14, 2008. When the amendment to § 3287 became effective, the statute of limitations was immediately tolled as a result of the September 18, 2001 Authorization for Use of Military Force Against Terrorists and the October 10, 2002 Authorization for the Use of Military Force Against Iraq Resolution of 2002. As noted by the Court in *United States v. Anghaie*, 2011 WL 720044, *2 (N.D.Fla. 2011):

> [A]s to the counts for which the limitations period had expired prior to the effective date of the WSLA amendment, there is no suspension of the limitations period pursuant to the WSLA. However, as to the counts for which the limitations period would have lapsed after the WSLA amendment, the limitations period has been suspended pursuant to the WSLA, as there has been an authorization of military force, though no formal declaration of war.

Because the statute of limitations has been tolled since October 14, 2008, the claims against

---

[4] Such prosecutions are distinguished from attempts to resurrect a criminal prosecution after expiration of the statute of limitations period. *See Stogner v. California*, 539 U.S. 607 (2003).

Defendants which were still timely as of that date, remain timely.[5] Defendants are therefore not entitled to dismissal of the claims against them.[6]

For the reasons set forth herein, the Defendant's Motion to dismiss is denied. The remainder of Defendants' motions are addressed be separate order entered this same day.

IT IS SO ORDERED this 27th day of March, 2012.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[5] Additionally, the conditions set forth in § 3287 regarding the "termination of hostilities as proclaimed by a Presidential proclamation, with notice to Congress, or by a concurrent resolution of Congress," have not been met with regard to either authorization. The Court disagrees with the Court in *United States v. Prosperi*, 573 F.Supp.2d 436 (D.Mass. 2008), which found that the Authorized Use of Military Force, as set forth above was sufficient to put the United States "at war," under the pre-2008 version of § 3287, but further found that the "Iraq war" had ended on May 1, 2003, when President Bush declared "mission accomplished," and that the AUMF Against Terrorists expired on December 22, 2001, when the Hamid Karzai became leader of Afghanistan. *See United States v. Pearson*, 2010 Wl 3120038 (S.D.Miss Aug. 4, 2010). The Court's conclusion in this regard is supported by the fact that in 2007, Representative Sam Farr introduced H.R. 413, seeking to repeal the 2002 AUMF and to require withdrawal of troops from Iraq *See also* H.R. 2450. Representative Barbara Lee introduced a bill to repeal Public Law 107-40 as recently as September 2011. *See* H.R. 2859.

[6] In light of the Court's conclusion that the indictment is timely based on the June 2006 allegations, the Court need not consider Defendants' arguments regarding the alleged deficiencies of the December 2006 and February 2007 allegations in the indictment.